**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Adalberto Romero-Roblejo,<br>Petitioner,<br><br>v.<br><br>Leonard Oddo, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1596 |

**MEMORANDUM OPINION**

Pending now before the court is a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed by Adalberto[1] Romero-Roblejo ("Romero-Roblejo"), with brief (ECF No. 6) and exhibit in support. Leonard Oddo, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 8), with attached exhibits. Romero-Roblejo filed a reply (ECF No. 12). Upon consideration of the parties' filings and arguments from the hearing on October 20, 2026, the petition is ripe for decision.

## I. Factual and Procedural Background

Romero-Roblejo, a citizen of Cuba, was taken into custody on November 24, 2025 (ECF No. 4 at 6) and filed his first habeas petition on May 4, 2026 (Civ. No. 26-810, ECF No. 1). On May 29, 2026, this court denied his first petition and explained:

> The dismissal on this ground is without prejudice in the event that Romero-Roblejo is able to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. As the detention lengthens, the "reasonably foreseeable future" time of removal shrinks. *Davis*, 533 U.S. at 701. As of the date of this opinion, Romero-Roblejo has been detained more than 6 months, but less than 7 months.

Civ. No. 26-810, ECF No. 7 at 6.

[1] In Civil No. 26-810, Petitioner's first name was spelled "Adelberto."

In his second petition, filed August 18, 2026, Romero-Roblejo asserts that he is now able to meet this standard – i.e., that he can show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future (ECF No. 4 at 6). In addition to his around 11-month detention, he points to numerous other facts in support of his belief that his removal is not imminent: (1) he was ordered removed from the United States on September 2, 1997 – almost 30 years ago; (2) Cuba refused his return; (3) the only third-country identified by Respondents -- Mexico -- declined to accept him because he is over age 60; (4) Respondents did not identify any country that would accept him; (5) he lacks any identification documents because he left Cuba at age 16 in the Muriel boatlift; and (6) there is no evidence of any progress since this court's May 29, 2026 decision denying the first habeas petition (*See generally* ECF No. 6).

The government did not provide any additional information in response to Romero-Roblejo's second petition. Instead, it attached the same declaration from deportation officer Mitchel Matusko ("Matusko") dated May 8, 2026 (*Compare* ECF No. 8-2 *with* Civ. No. 26-810, ECF No. 6-2), which the court discussed in its May 29, 2026 opinion. To repeat:

> Matusko represented that he learned on January 6, 2026, that Romero-Roblejo was older than the age limit (60) for removal to Mexico. ¶ 15. On January 12, 2026, Matusko was informed that the government is "working on a pathway for removing petitioner to an alternate country." ¶ 17. On February 4, 2026, the search for an alternate country was still ongoing. ¶ 18. On March 19, 2026, Romero-Roblejo's detention was continued based on his criminal history and "because ICE is actively working to locate a safe third country of removal." ¶ 19; ECF No. 6-5. Matusko anticipates that petitioner's removal "is imminent once a safe third country is located." ¶ 20.

Civ. No. 26-810, ECF No. 7 at 2.

On October 6, 2026, after reviewing the parties' filings, this court issued a Memorandum Opinion (ECF No. 13) and Order (ECF No. 14), concluding that it was unable to determine

whether either party met the applicable burden under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and scheduling an evidentiary hearing for October 20, 2026. It also noted that the key issue of the hearing "will be the credibility of the assurances provided by Respondents" (ECF No. 13 at 6).

Both parties appeared at the hearing on October 20, 2026, and defended their respective filings. During the hearing, however, Respondents were unable to provide any evidence of the government's efforts in removing Romero-Roblejo since this court's last order (*See* ECF No. 18).

## II. Legal Analysis

In *Zadvydas*, the Supreme Court established that a 6-month period of detention was presumptively reasonable under § 1231. *Zadvydas*, 533 U.S. at 701. Here, Romero-Roblejo has been held for over 6 months in post-removal immigration detention. *See* ECF No. 4 at 6. Thus, his detention is no longer presumptively reasonable, and the next step of the analysis in *Zadvydas* applies (i.e., whether there is a significant likelihood of removal).

"[T]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. "Significant likelihood" is not "the absence of any prospect of removal[,] no matter how unlikely or unforeseeable[,]" nor is it showing that removal is impossible. *Id.* at 702. Rather, "significant likelihood" is a "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701; *see Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005). "[A]s the period of prior post-removal confinement grows, what

counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

A burden-shifting standard applies. After the 6–month period, the burden is on the alien to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the alien meets that burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Although "good reason" is not defined by the Supreme Court in *Zadvydas*, lower courts have since interpreted "good reason" to include providing evidence to substantiate why removal is unlikely. *See, e.g.*, *Joseph*, 127 F. App'x at 81 (stating that the petitioner did not show good reason where he failed to produce any documentary evidence). Other judges in this district have found that "good reason" was provided if the petitioner was unable to be removed to his home country and demonstrated that there was no third country option currently available. *See, e.g.*, *Ebeid v. Warden of the Moshannon Valley Processing Ctr.*, Civil Action No. 25-411J, 2026 WL 292179, at *3 (W.D. Pa. Feb. 4, 2026) ("[Petitioner] has been granted withholding of removal from his country of origin, precluding his removal there. Further, there is no indication on the record that Petitioner has any ties to any third country, or that any third country otherwise has expressed a wil[ling]ness to accept him, or has begun preparing travel documents."); *Gonzalez v. Oddo*, No. 3:24-CV-00293-RAL, 2026 WL 1361429, at *3 (W.D. Pa. Apr. 28, 2026) ("First, the CAT deferral of Petitioner's removal to El Salvador, the only country to which he has a claim to citizenship, supports that his removal is unlikely to occur in the reasonably foreseeable future. This deferral will continue until the Government finds a third country that will accept Petitioner."); *Kargapolov v. Oddo*, No. 3:26-cv-00755, 2026 WL 1413057, at *3 (W.D. Pa. May 20, 2026) ("The repeated, explicit and definitive refusals to issue travel documents by Russia, the country designated for

Petitioner's removal, after years of DHS unsuccessfully seeking travel documents from that country, is more than adequate to shift the burden to Respondents to rebut Petitioner's showing that his removal is not reasonably foreseeable.").

Here, the court concludes that Romero-Roblejo has met his burden to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future by providing evidence that there has been no country currently able or willing to accept him in the past 11 months. Romero-Roblejo has been detained for almost a year, and neither Cuba or Mexico have accepted Romero-Roblejo or indicated that they will accept him in the near future. *See* ECF No. 6 at 17-18. Namely, his country of citizenship, Cuba, has refused his return, and Mexico has declined to accept him because he is over age 60. *Id.*

The burden now shifts to Respondents to provide "evidence sufficient to rebut" Romero-Roblejo's showing of good reason. *See Zadvydas*, 533 U.S. at 701. Yet, Respondents fail to provide any documentation of their recent efforts in the past 5 months to facilitate Romero-Roblejo's removal or an updated affidavit. *See generally* ECF No. 8. Respondents have also yet to identify another suitable third country for Romero-Roblejo. *See generally* ECF No. 8; *Gonzalez*, 2026 WL 1361429, at *4 ("The only evidence proffered by the Government is its unsuccessful efforts to locate a third country to accept Petitioner. This evidence falls far short of rebutting Petitioner's showing.").

In resolving Romero-Roblejo's first petition, the court relied heavily on the assurances set forth in Matusko's declaration that removal was likely to occur. The court explained:

> The government made a representation that it is "actively working" to locate a safe country for removal and that "there is a significant likelihood of removal in the reasonably foreseeable future." ECF No. 6-2. **On this record, the court cannot determine that the government's representation is unworthy of credence.** Romero-Roblejo cannot return to Cuba and is too old to go to Mexico, but the government is actively working to find a safe third country for removal.

Civ. No. 26-810, ECF No. 7 at 5-6 (emphasis added); *see Yatera v. Warden*, No. CV 26-992, 2026 WL 2491292, at *3–4 (W.D. Pa. Aug. 25, 2026) (citing *Romero-Roblejo v. McShane*, No. CV 26-810, 2026 WL 1500973 (W.D. Pa. May 29, 2026), as "holding that removal in the reasonably foreseeable future was likely due to the government's representation that it is 'actively working' to locate a safe country for removal").

Based upon the evidence before the court at this time, however, Respondents' assurances about the likelihood of Romero-Roblejo's removal are less "worthy of credence." Although Respondents told this court 5 months ago that Romero-Roblejo's removal was likely in the reasonably foreseeable future (*see* Civ. No. 26-810, ECF No. 7 at 2), this removal has not yet occurred, and there is nothing in the record to suggest that this removal will indeed occur soon.

As such, because Respondents have not provided evidence sufficient to rebut Romero-Roblejo's showing of good reason, the court finds that Romero-Roblejo's post-removal detention has become unreasonable.

## III. Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus, (ECF No. 4), will be granted, and Romero-Roblejo shall be released from custody, subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3).

An appropriate Order will be entered.

BY THE COURT:

Dated: October 21, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge